**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Label Health, LLC,

        Plaintiff,

  -against-

Haywire Consulting, Inc. et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2021

1:20-cv-05640 (VSB) (SDA)

<u>ORDER</u>

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

  "In the default judgment context, the only issue that usually needs to be decided is whether the plaintiff has provided adequate support for the damages or other relief [it] seeks. However, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 261-62 (S.D.N.Y. 2017) (citations and internal quotation marks omitted); *see also Centra Developers Ltd. v. Jewish Press Inc.*, No. 16-CV-06737 (WFK) (LB), 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) ("Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims."), *report and recommendation adopted*, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018).

  The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Here, Plaintiff invokes federal jurisdiction on the basis of diversity jurisdiction. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "The

Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

A limited liability company "takes the citizenship of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citing *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000)). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-00046 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing *Handelsman*, 213 F.3d at 51-52).

In the present case, Plaintiff has not met its burden of showing the existence of subject matter jurisdiction, as the Complaint does not set forth the citizenship of the members of Plaintiff, an LLC, and therefore fails to properly allege the citizenship of Plaintiff itself—leaving the Court with no basis for exercising diversity jurisdiction. Thus, at present, this action cannot be maintained in this Court, and no default judgment can be entered.

By reason of the foregoing, it is hereby ORDERED that, no later than March 25, 2021, Plaintiff shall file an affidavit or declaration that sets forth the citizenship of each of the members of Plaintiff Label Health, LLC.

**SO ORDERED.**

Dated: New York, New York
March 18, 2021

_____
STEWART D. AARON
United States Magistrate Judge

3