USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
Label Health, LLC,                                         :
:
                           Plaintiff,       :
:        20-CV-5640 (VSB) (SDA)
       -against-                              :
:        **ORDER**
Haywire Consulting, Inc. and Matthew   :
Blackwell,                                                 :
:
                          Defendants.       :
:
----------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

       On July 21, 2020, Plaintiff Label Health, LLC ("Plaintiff") filed this action asserting breach of contract and fraudulent inducement claims against Defendants Haywire Consulting, Inc. ("Haywire") and Matthew Blackwell ("Blackwell") (collectively, "Defendants"). (Doc. 1.) Plaintiff served the complaint on Haywire on July 28, 2020, (Doc. 4), and on Blackwell the next day, (Doc. 3). The deadlines for Defendants to respond to Plaintiff's complaint was August 18, 2020 for Haywire, (*see* Doc. 4), and August 19, 2020 for Blackwell, (*see* Doc. 3). Defendants have not opposed the complaint, requested additional time to oppose the complaint, or appeared in this action at all.

       Plaintiff filed an erroneous request for an entry of default on October 22, 2020, (Doc. 5), and I directed Plaintiff refile its request for a default judgment consistent with my Individual Rule 4(H), and in accordance with the procedures set forth in Local Civil Rules 55.1 and 55.2 for obtaining a Clerk's Certificate of Default, (Doc. 6). On December 14, 2020, noting that Plaintiff had taken no further action to prosecute this case, I ordered Plaintiff to seek a default judgment in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases by no later

than December 22, 2020. (Doc. 7.) On December 16, 2020 and December 30, 2020, Plaintiff filed deficient requests for a Clerk's Certificate of Default. (Docs. 9, 10.) On January 6, 2021, Plaintiff properly refiled its request, (Docs. 10, 11) and a Clerk's Certificate of Default as to Defendants was entered on the same day, (Doc. 12.)

On January 27, 2021, Plaintiff filed for default judgment, (Docs. 18–21). On January 29, 2021, I ordered defendants to show cause at a default judgment hearing set for February 18, 2021. (Doc. 22.) Plaintiff filed an affirmation of service of the order to show cause upon both Defendants on February 3, 2021. (Doc. 23.) Neither Defendant appeared at the February 18, 2021 hearing, and I accordingly entered a default against Defendants as to liability. (Doc. 24.) I also referred this case to Magistrate Judge Stewart D. Aaron for an inquest into damages. (Doc. 25.)

Before me is Judge Aaron's April 30, 2021 Report and Recommendation ("Report and Recommendation" or "R&R"), which recommended that Plaintiff be awarded total damages of $104,750.00, plus pre-judgment interest and $400.00 in costs. (Doc. 34.)

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB)

(BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections," (Doc. 34, at 9), neither party filed an objection or sought additional time to file an objection. I therefore reviewed Magistrate Judge Aaron's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none.

Accordingly, I ADOPT the Report and Recommendation in its entirety. Plaintiff is granted judgment against Defendants Haywire and Blackwell, jointly and severally, in the amount of $104,750.00 in damages, along with pre-judgment interest at 9% per annum from May 25, 2020, and $400.00 in costs.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: June 3, 2021
New York, New York

VERNON S. BRODERICK
United States District Judge